UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATSY G.[1],            Case No. 1:20-cv-684
    Plaintiff,            Litkovitz, M.J.

vs.

COMMISSIONER OF            **ORDER**
SOCIAL SECURITY,
    Defendant.

This matter is before the Court on plaintiff's counsel's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 20), and the Commissioner's response stating that the Commissioner does not oppose plaintiff's counsel's request for attorney fees (Doc. 21).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id*. at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court shall consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

2

reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $10,226.28 that plaintiff's counsel requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel has submitted an itemized billing sheet showing that he performed a total of 22.50 hours of work on the case in this Court. (Doc. 20 at PAGEID 2262). Plaintiff's counsel has also submitted a copy of the contingency fee agreement that he entered into with plaintiff under which plaintiff agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (*Id*. at PAGEID 2263).

Dividing the $10,226.28 requested by counsel by the 22.50 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $454.50. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id*. at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Plaintiff's counsel's standard hourly rate is $350.00.  (Doc. 20 at PAGEID 2272-73 (plaintiff's counsel's affidavit explaining his significant experience in the Social Security field)).  Plaintiff's counsel attaches "The Economics of Law Practice in Ohio in 2019," an Ohio State Bar Association (OSBA) publication, which reflects hourly rates similar to his own for attorneys with similar expertise and experience.  (*Id*. at PAGEID 2274-75).  Thus, this hypothetical $454.50 hourly rate is less than twice his standard hourly rate of $350.

Plaintiff's counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of Equal Access to Justice Act (EAJA) fees in the amount of $4,290.00 (*see* Doc. 19), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 & n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client).  (Doc. 20 at PAGEID 2260).  In view of these considerations and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $10,226.28 is reasonable for the work plaintiff's counsel performed in this Court.

Accordingly, plaintiff's counsel's § 406(b) motion for attorney fees (Doc. 20) is **GRANTED**, and counsel is **AWARDED** attorney fees in the amount of **$10,226.28**.  The Court further **ORDERS** plaintiff's counsel to remit **$4,290.00** of this sum directly to plaintiff upon receipt of the § 406(b) fee award.

IT IS SO ORDERED.

_____
Karen L. Litkovitz
Chief United States Magistrate Judge

4